UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OMAR FERNANDO ORTIZ- )<br>GRANADOS, )<br>)<br>Defendant. ) | Case No. 3:19-CR-30006-01-SMY |

## ORDER REOPENING AND SETTING DETENTION HEARING

**SISON, Magistrate Judge:**

On December 19, 2018, Defendant Omar Fernando Ortiz-Granados was charged by criminal complaint with one count of conspiracy to violate 18 U.S.C. § 1028(a)(7). He was arrested and brought before Magistrate Judge Donald G. Wilkerson for an initial appearance on December 20, 2018. Ortiz-Granados was represented by an Assistant Federal Public Defender during his initial appearance, and Judge Wilkerson found that the defendant knowingly and voluntarily waived his right to a detention hearing. (*See* Docs. 38, 45).

After the hearing, Attorney Raymond P. Bolourtchi entered his appearance on behalf of Ortiz-Granados. The waivers and the minutes from Ortiz-Granados' initial appearance were docketed on January 3, 2019. On January 9, 2019, the grand jury indicted Ortiz-Granados on one count of conspiracy to violate 18 U.S.C. § 1028(a)(7) and one count of unlawful transfer, possession, or use of a means of identification in

1

or affecting interstate commerce. By motion dated January 10, 2019, Ortiz-Granados asks the Court to reopen the question of detention, despite his earlier waiver of his right to a hearing, and to release him on bond pending trial. (Doc. 64).

According to the motion, material information relevant to the issue of detention was not previously disclosed and made available to the Court and his current defense counsel when Ortiz-Granados waived his right to a detention hearing. The Government opposes the request to revisit the issue of detention and also argues that bond is not warranted under the circumstances of this case. In large part, the dispute between the parties as to whether to revisit the issue of detention arises out of a detainer on Ortiz-Granados lodged by the Department of Homeland Security ("DHS") prior to the initiation of these criminal proceedings. The Government maintains that Ortiz-Granados was aware at the time he waived his right to a detention hearing that he had a right to a hearing despite the existence of the DHS detainer. As such, the Government argues that there is no new information to warrant setting aside Defendant's knowing and voluntary waiver of a detention hearing.

Pursuant to 18 U.S.C. § 3142(f)(2)(B), a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on whether a defendant's release pending trial is warranted. While the Court is concerned about giving Defendant a second bite at the apple and about the precedent of permitting defendants to rescind knowing and voluntary waivers, in these unique circumstances, where the issues

2

related to the DHS detainer were not fully raised and where they factored into the Court's order of detention, the undersigned will revisit the question of detention. The request to reopen the detention hearing is **GRANTED**, but the Court **RESERVES RULING** as to whether Defendant Omar Fernando Ortiz-Granados will be released on bond pending trial. That question will be resolved following a detention hearing. Accordingly, the Court hereby **SETS** a detention hearing at 10:00 a.m. on Tuesday, February 26, 2019.

**IT IS SO ORDERED.**

Dated: February 19, 2019.

                                                                                                            _____
GILBERT C. SISON
United States Magistrate Judge